UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 3:01CR216(AHN) |
| PHILIP A. GIORDANO | : |

<u>RULING ON CROSBY REMAND AND REQUEST FOR RESENTENCING</u>

The Second Circuit has ordered a limited remand of this case pursuant to <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), for the court to determine whether it would have imposed a materially different sentence if the Sentencing Guidelines were advisory. On remand, the defendant, Philip Giordano ("Giordano"), asks the court to conclude that it would have imposed a materially and substantially lower sentence if an advisory Guidelines system had been in place when he was originally sentenced and requests that he be resentenced.

For the following reasons, the court concludes that it would not have imposed a different sentence under a post-<u>Booker/Fanfan</u> regime and accordingly denies Giordano's request for resentencing.

<u>BACKGROUND</u>

On March 25, 2003, a jury found Giordano, the former mayor of Waterbury, Connecticut, guilty of all but one count of an 18-count indictment charging him with various federal crimes arising from his repeated sexual abuse of two young girls, ages eight and

ten.[1]

At the sentencing hearing on June 13, 2003, the court adopted the findings and conclusions of the Pre-Sentence Report ("PSR"), which calculated a final offense level of 43, the maximum possible offense level under the Guidelines. That offense level resulted in a Guidelines sentencing range of life imprisonment. However, because the court granted the government's motion pursuant to § 5K1.1 of the Guidelines, which was based on Giordano's initial cooperation with the government, the court downwardly departed to a range of 360 months to life. The court then sentenced Giordano to concurrent terms of 444 months imprisonment on counts one and two and 60 months on each of the remaining counts, five years of supervised release, and a $1,700 special assessment.

On October 20, 2004, the Second Circuit affirmed Giordano's conviction and sentence to the extent appealed from and thereafter, on August 8, 2006, ordered this limited Crosby remand.

## STANDARD

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), use of the Sentencing Guidelines to

---

[1] The underlying facts of Giordano's prosecution and conviction are set out in detail in previous rulings of this court as well as in the Second Circuit's opinion, United States v. Giordano, 442 F.3d 30 (2d Cir. 2006) and will not be repeated herein.

determine a sentence is no longer mandatory. Pursuant to Booker, the Second Circuit has instructed district courts to consider the Guidelines as advisory and to consider them along with all of the other factors listed in 18 U.S.C. § 3553(a) when imposing sentence. United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). As the court of appeals explained in Crosby, this normally requires the sentencing court to determine the applicable Guidelines range, or at least identify the arguably applicable range, and the applicable policy statements and then, after considering the Guidelines and the § 3553(a) factors, decide "whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence." Id. at 113. The court, however, admonished that even though advisory, the Guidelines were more than just "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." Id.

Also, in Crosby, the Second Circuit decided that the then-pending direct appeals involving challenges to sentences imposed before Booker were to be remanded "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence." Id. at 117. In other words, on remand of

such a case, the sentencing judge is to determine whether it would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the post-Booker/Fanfan regime was followed. Id. If, on remand, the court concludes that it would not have imposed a materially different sentence, that is the end of the matter. Id. at 120. If the court decides otherwise, it must resentence the defendant under the new sentencing regime. Id.

The Second Circuit did not define the required degree of consideration or the weight that the sentencing court was to give to the applicable Guidelines range. Rather, it preferred "to permit the concept of 'consideration' ... to evolve as district judges faithfully perform their statutory duties." Id. at 113; see also United States v. Fernandez, 443 F.3d 19, 29-30 (2d Cir. 2006) (stating that "a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts"). The court did hold, however, that the sentencing court is not required to make a specific articulation of the manner in which the § 3553(a) factors were considered. Crosby, 397 F.3d at 113; see also Fernandez, 443 F.3d at 32 (advising that the weight given to any single § 3553(a) factor is firmly committed to the discretion of the sentencing judge). The court also instructed that, in making the determination of whether to resentence, the district court is not to consider evidence of a

defendant's post-conviction rehabilitation. Crosby, 397 F.3d at 113.

Because Giordano's sentence was imposed before Booker and was on direct appeal at the time of Crosby, his case was remanded for this limited purpose.

## DISCUSSION

If the Guidelines had been advisory at the time Giordano was sentenced the court would have imposed the same 444 month concurrent sentence. In fact, by virtue of the government's § 5K1.1 motion, the court was not bound by the Guidelines and Giordano's sentence was considerably below the otherwise then-mandatory applicable Guidelines range of life imprisonment. Cf. United States v. Duffy, 133 F. Supp.2d 213, 217 (E.D.N.Y. 2001) (noting pre-Booker that a § 5K1.1 motion has the singular power to yield a sentence far lower than otherwise required by the Guidelines). Thus, the court effectively treated the Guidelines as advisory and imposed a non-Guidelines sentence. See Crosby, 397 F.3d at 111, n.9 (finding it "advisable to refer to a sentence that is neither within the applicable Guidelines range nor imposed pursuant to the departure authority in the Commission's policy statements as a 'non-Guidelines sentence' in order to distinguish it from the term departure"). Moreover, as the court's remarks at sentencing make clear, the sentence reflected, at least implicitly, the court's consideration of the

§ 3553(a) factors, which were, even before Booker, relevant to the determination of a just sentence.

Nonetheless, in determining whether resentencing is warranted in this case, the court has considered and given due weight to the advisory sentencing range recommended by the Guidelines along with all of the § 3553(a) factors, the PSR and other relevant portions of the record, and the post-remand arguments of counsel.  All of these considerations convince the court that resentencing is not required because it would not have imposed a different sentence if the Booker/Fanfan regime had been in place at the time Giordano was originally sentenced.  The 444-month sentence was, and still remains, just, reasonable, and sufficient, but not greater than necessary given the nature of his crimes and the need to reflect the seriousness of those crimes, the need to promote respect for the law, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of this individual, and the need to avoid unwarranted sentencing disparities.  The sentence also accounts for Giordano's cooperation with the government as reflected in its § 5K1.1 motion.

The court is not persuaded otherwise by Giordano's arguments in support of resentencing.  Rather than providing the court with new mitigating circumstances that existed at the time of the original sentence, but were not available for consideration given

the then-mandatory nature of the sentencing regime, Giordano essentially only argues that the harsh conditions of his confinement justify a lesser sentence.  But, as the Second Circuit made clear, the court cannot consider such arguments in deciding whether or not to resentence a defendant.  That decision must be based solely on the circumstances that existed at the time of the original sentence.  Crosby, 397 F.3d at 118.

## CONCLUSION

Based on the circumstances at the time of the original sentence, and giving the required consideration to the currently applicable statutory requirements as set forth in Booker/Fanfan and Crosby, the court concludes that the sentence imposed on Giordano would have been the same as originally imposed and thus finds that resentencing is not required.

SO ORDERED this 6th day of August, 2007 at Bridgeport, Connecticut.

/s/_____
Alan H. Nevas
United States District Judge