UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent<br><br>v.<br><br>PHILIP A. GIORDANO,<br>Petitioner | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED<br><br>2008 SEP -3 A 10: 15<br><br>U.S. DISTRICT COURT<br>BRIDGEPORT, CONN<br><br>Docket No. 3:01-CR-216 (Attn)<br><br>The Honorable (J) Alan H. Nevas |

## MOTION TO COMPELL THE FEDERAL
## BUREAU OF INVESTIGATION TO RETURN SEIZED PROPERTY

Comes now, The Petitioner, Philip A. Giordano, pro-se requesting that This Honorable court compel the Federal Bureau of Investigation (FBI) and/or The US Attorney's office to return all personal property seized from the petitioners home as well as other places of business. In support of This motion the Petitioner offer's The following.

On or about July 26, 2001, The FBI, caused a search warrant to be executed upon The home of the petitioner (157 Southwind Road, Waterbury, Connecticut) The Law office of the petitioner (1169 West Main Street, Waterbury, Connecticut) and at the City Hall Building, more specifically The Mayor's office (236 Grand Street, Waterbury, Connecticut) The basis of the above

-1-

mentioned search warrants stemmed from allegations that The petitioner, while serving as Mayor for the City of Waterbury, was involved in illicit activity regarding his position as Mayor, more Specifically that there was corruption in the Mayor's office. The petitioner, after the warrants were served, was subsequently indicted by a grand jury on unrelated charges, brought to trial, convicted and sentenced on those unrelated charges.

In the meantime, the initial allegation of corruption, The allegations that precipitated the search warrant were never brought To indictment or to a grand jury.

Just prior to The tolling of The Statute of Limitations (five years) in regards to the corruption charges, Assistant US Attorney Jongblod, requested from Petitioners then Counsel, Andre Bowman, a waiver of Statute of Limitations for a six (6) month period. The petitioner signed said waiver. In fact, The petitioner, at the request of the AUSA Jongblod, executed four (4) such request for waivers.

The last waiver expired on December 31, 2007. The AUSA never asked for another and The petitioner never executed another. The Statute of Limitations has therefore expired barring The Government from pursuing any indictment against The petitioner.

As a result, the petitioner caused a correspondence To be submitted to AUSA Jongblod, in May of 2008, requesting that all personal property seized by The FBI, at all the aforementioned properties, be returned to The Petitioner.

AUSA Jongblod, has failed to acknowledge reciept of said correspondence or state the disposition of said property.

Wherefore, the petitioner respectfully request that This Honorable court direct The FBI and/or The AUSA Jongblod, to return all personal property

seized by The FBI pertaining to their investigation in regards to The Municipal corruption case to The petitioner.

                    Respectfully Submitted

                    Philip A. Giordano  
                    Petitioner  
                    pro-se  
                    Reg. No. # 14302-014  
                    US Penitentiary  
                    USP-Marion  
                    P.O. Box 1000  
                    Marion, IL    62959

## ORDER

The foregoing motion having heard by The court is hereby ordered :

Granted / Denied

_____                              _____
Date                                                                                    The Court/Clerk